IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALISSA OLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-244-JHP-PJC |
| ) | |
| INDEPENDENT SCHOOL DISTRICT ) | |
| NO. I-003 OF TULSA COUNTY, ) | |
| OKLAHOMA, a/k/a BROKEN ARROW ) | |
| PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

The Defendant, Independent School District No. 3 of Tulsa County, Oklahoma, a/k/a Broken Arrow Public Schools (the "Broken Arrow School District"), for its answer to the complaint filed by the Plaintiff, Alissa Olden ("Olden"), states:

1. The Broken Arrow School District denies each and every allegation of Olden's complaint not hereinafter specifically admitted.

2. The Broken Arrow School District makes no response to the unnumbered first paragraph of Olden's complaint, as that paragraph makes no allegations against the Broken Arrow School District.

3. In response to ¶ 1 of Olden's complaint, the Broken Arrow School District admits that this court has jurisdiction over this dispute.

4. In response to ¶ 2 of Olden's complaint, the Broken Arrow School District admits that venue is proper in this judicial district.

5. In response to ¶ 3 of Olden's complaint, the Broken Arrow School District admits that Olden seeks relief against the Broken Arrow School District, but the Broken Arrow School District denies that Olden is entitled to any such relief.

6. In response to ¶ 4 of Olden's complaint, the Broken Arrow School District states that it is without sufficient information to admit or deny that Olden is a resident of Tulsa County and therefore denies the same.

7. The Broken Arrow School District admits the allegations of ¶¶ 5, 6, and 7 of Olden's complaint.

8. The Broken Arrow School District makes no response to ¶ 8 of Olden's complaint, as ¶ 8 states a legal conclusion.

9. The Broken Arrow School District admits the allegations of ¶ 9 of Olden's complaint.

10. In response to ¶ 10 of Olden's complaint, the Broken Arrow School District states that it is without sufficient information to admit or deny that Debbie Benton, a secretary employed by the Broken Arrow School District, advised Olden in August of 2008 that Olden had been offered a contract to teach at the North Intermediate High School for the entire 2008-2009 school year and therefore denies the same. As a further response to ¶ 10, the Broken Arrow School District states that Oklahoma law expressly provides that a teacher may be employed on a temporary contract for only three (3) semesters. OKLA. STAT. tit. 70, § 6-1-1.23(F) (2001). In accordance with the foregoing statute, Olden was offered employment in August of 2008 for one semester only on a

temporary teacher contract. Benton had no authority by law or board policy or practice to offer Olden a contract for the entire 2008-2009 school year.

11. The Broken Arrow School District denies the allegations of ¶ 11 of Olden's complaint. As a further response to ¶ 11, the Broken Arrow School District states that Olden could not "accept" an unauthorized "offer" of employment for the entire 2008-2009 school year.

12. In response to ¶¶ 12 and 13 of Olden's complaint, the Broken Arrow School District admits that on or about September 16, 2008, Olden was erroneously sent a temporary teacher contract for the entire 2008-2009 school year. The Broken Arrow School District states that as a matter of law a temporary contract for the entire 2008-2009 school year would be unlawful because it violates the three semester statutory prohibition.

13. The Broken Arrow School District denies that Olden returned a signed copy of this unlawful contract, as alleged in ¶ 14 of Olden's complaint.

14. In response to ¶ 15 of Olden's complaint, the Broken Arrow School District admits that the one year temporary teacher contract erroneously sent to Olden was signed by the President and Clerk of the Board of Education.

15. In response to ¶ 16 of Olden's complaint, the Broken Arrow School District admits that the one year temporary teacher contract erroneously sent to Olden incorrectly stated that the term of the contract was from August 8, 2008 through May 22, 2009.

16. The Broken Arrow School District admits the allegations of ¶¶ 17 and 18 of Olden's complaint.

17. The Broken Arrow School District denies the allegations of ¶¶ 19 and 20 of Olden's complaint.

18. In response to ¶ 21 of Olden's complaint, the Broken Arrow School District admits that the one year temporary teacher contract erroneously sent to Olden incorrectly stated that the Olden would be paid over a period of twelve (12) months.

19. The Broken Arrow School District denies the allegations of ¶ 23 (sic) of Olden's complaint. There is no ¶ 22 in Olden's complaint.

20. The Broken Arrow School District admits the first sentence of ¶ 24 of Olden's complaint. The Broken Arrow School District is without sufficient information to admit or deny the second sentence of ¶ 24 of Olden's complaint and therefore denies the same.

21. The Broken Arrow School District admits the allegations of ¶¶ 25, 26, 27 and 28 of Olden's complaint.

22. In response to ¶ 29 of Olden's complaint, the Broken Arrow School District states that contract Olden signed on November 21, 2008 correctly recited that Olden was employed for one semester on a temporary teacher contract, in accordance with the three-semester limitation on the use of temporary contracts set forth in OKLA. STAT. tit. 70, § 6-1-1.23(F) (2001).

23. The Broken Arrow School District denies the allegations of ¶ 30 of Olden's complaint. As a further response to ¶ 30, the Broken Arrow School District states that Seitz had no authority to offer Olden a contract for the entire 2008-2009 school year.

24.     The Broken Arrow School District is without sufficient information to admit or deny Olden's beliefs as recited in ¶ 31 of Olden's complaint and therefore denies the same.

25.     The Broken Arrow School District makes no response to ¶ 32 of Olden's complaint, as ¶ 32 states a legal conclusion.

26.     The Broken Arrow School District admits the allegations of ¶ 33 of Olden's complaint.

27.     The Broken Arrow School District makes no response to ¶ 34 of Olden's complaint, as ¶ 34 states a legal conclusion.

28.     The Broken Arrow School District denies the allegations of ¶¶ 35 and 36 of Olden's complaint.

29.     The Broken Arrow School District makes no response to ¶¶ 37, 38, 39, 40 and 41 of Olden's complaint, as those paragraphs state legal conclusions.

30.     The Broken Arrow School District admits the allegations of ¶¶ 42 and 43 of Olden's complaint.

31.     The Broken Arrow School District denies the allegations of ¶¶ 44, 45 and 46 of Olden's complaint.

32.     The Broken Arrow School District denies the allegations of ¶¶ 47, 48 and 49 of Olden's complaint.

33.     The Broken Arrow School District makes no response to ¶ 50 of Olden's complaint, as ¶ 50 states a legal conclusion.

34. The Broken Arrow School District denies the allegations of ¶¶ 51, 52 and 53 of Olden's complaint. The Broken Arrow School District further denies that Olden is entitled to any relief under her cause of action alleging violation of due process.

35. The Broken Arrow School District denies the allegations of ¶¶ 54 and 55 of Olden's complaint.

36. The Broken Arrow School District makes no response to ¶ 56 of Olden's complaint, as ¶ 56 states a legal conclusion.

37. The Broken Arrow School District denies the allegations of ¶ 57 of Olden's complaint.

38. The Broken Arrow School District admits the allegations of ¶ 58 of Olden's complaint.

39. The Broken Arrow School District denies that Olden is entitled to any relief under her cause of action alleging breach of contract.

40. The Broken Arrow School District denies that Olden is entitled to any of the relief requested in her prayer for relief.

## Affirmative Defenses

For its affirmative defenses to Olden's complaint, the Broken Arrow School District states:

41. Olden's complaint fails to state a claim upon which relief can be granted.

42. The one year temporary teacher contract that was sent to Olden on September 16, 2008 was sent by mistake.

43. The one year temporary teacher contract that was sent to Olden by mistake on September 16, 2008 was an illegal and invalid contract under Oklahoma law, as it purported to employ Olden for four (4) consecutive semesters on a temporary teacher contract. Pursuant to OKLA. STAT. tit. 70, § 6-1-1.23(F) (2001), a teacher may be employed for only three (3) semesters on a temporary contract.

44. Olden was aware that she had been employed on a temporary teacher contract for one semester only, and she voluntarily and knowingly signed the one-semester temporary teacher contract on November 21, 2008. The lawful one-semester contract superseded the earlier, illegal contract that Olden had been sent by mistake. The lawful one-semester contract is the only legal and valid contract ever signed by the parties, and this contract reflected the true intention of the parties.

45. By voluntarily and knowingly signing the lawful one-semester temporary teacher contract on November 21, 2008, Olden waived her claim to employment for the entire 2008-2009 school year.

46. Olden knowingly and intentionally accepted employment pursuant to the lawful one-semester temporary teacher contract dated November 21, 2008. Olden in therefore estopped from asserting that she was employed for the entire 2008-2009 school year.

47. The only way the Broken Arrow School District can enter into a lawful contract is by a vote of the Board of Education of the Broken Arrow School District taken pursuant to a lawful agenda item at a properly called meeting of the Board of Education. Neither Debbie Benton nor Karen Steitz nor any other person had the authority by law or

7

board policy and practice to bind the Broken Arrow School District to a contract with Olden.

48. Olden's lawful temporary teacher contract expired by its own terms on December 19, 2008, and Olden had no property interest in continued employment beyond the expiration of her lawful temporary teacher contract.

**WHEREFORE,** the Broken Arrow School District requests that Olden take nothing by her complaint, that judgment be entered in this matter in favor of the Broken Arrow School District, and that the Broken Arrow School District be awarded its attorney's fees and costs incurred in this matter and all relief to which it is entitled.

**ROSENSTEIN, FIST & RINGOLD**

**By:    s/ J. Douglas Mann**
**J. Douglas Mann, OBA #5663**
**Jerry A. Richardson, OBA #10455**
**525 S. Main, Suite 700**
**Tulsa, OK  74103**
**(918) 585-9211**
**(918) 583-5617 (Facsimile)**
**dougm@rfrlaw.com**
**jerryr@rfrlaw.com**

**Attorneys for the Broken Arrow S.D.**

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on the 9th day of June, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

>Jeff A. Lee
>Oklahoma Education Association
>P.O. Box 18485
>323 E. Madison
>Oklahoma City, OK  73154-0485

>*Attorneys for the Plaintiff*

                                        s/ J. Douglas Mann
                                        J. Douglas Mann